UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THUNDER PROPERTIES, INC., <br><br> Plaintiff, <br> v. <br> MARIA L. ARELLANO, *et al.,* <br><br> Defendants. | Case No. 3:19-cv-00191-MMD-WGC <br><br> ORDER |

The Court held a hearing regarding Defendants JP Morgan Chase Bank, N.A. ("Chase") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively "Defendants") motion for summary judgment and Plaintiff/Counter-Defendant Thunder Property, Inc.'s ("Thunder") countermotion for relief under Fed. R. Civ. 56(d) on February 4, 2020 ("Hearing"). (ECF Nos. 17, 22.)

For the reasons stated on the record at the Hearing, the Court finds and declares that the first deed of trust ("DOT") executed by Maria L. Arellano on July 25, 2004, and recorded on August 18, 2004, continues to encumber the property located at 5205 Canyon Rim Court, Sparks, NV, 89436 ("Property"). The Court concludes that 12 U.S.C. § 4617(j)(3) (Federal Foreclosure Bar) protected the DOT from being extinguished by the foreclosure sale conducted on April 4, 2014. The Court also finds Thunder failed to meet its burden to justify Rule 56(d) relief.

The Court further finds that, pursuant to the April 17, 2014 Deed of Trust Foreclosure, Freddie Mac became the title owner of the Property on that date. Therefore, Freddie Mac is entitled to recover on its claim for unjust enrichment minus amounts Thunder paid to maintain the Property.

It is therefore ordered that Defendants' motion for summary (ECF No. 17) is granted in part and denied in part. The motion is granted on Defendants' quiet title

1 | claim, but granted and denied in part on Freddie Mac's claim for unjust enrichment. As
2 | to the latter, the motion is denied to the extent Freddie Mac seeks to recover all rent
3 | amounts—such recovery will be reduced by amounts Thunder paid to maintain the
4 | Property. Thunder is to file an affidavit within 21 calendar days containing the current
5 | total of the amounts obtained from renting the Property followed by a listing of the
6 | amounts Thunder paid to maintain the Property. The remainder of the rental income
7 | after subtracting maintenance expenditures will be reduced to judgment in this matter if
8 | Freddie Mac or Chase do not challenge Thunder's affidavit within 14 calendar days.

It is further ordered that Thunder's countermotion for Rule 56(d) relief (ECF No. 22) is denied.

The Clerk of the Court is directed to enter judgment accordingly in favor of Chase and Freddie Mac and against Thunder and close this case.

DATED THIS 13th day of February 2020.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE